IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ricky Olson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-201 |
| | ) |
| Mac S[c]h[n]eider, Senator Conrad, Fargo | ) REPORT AND RECOMMENDATION |
| Sheriff M.J., Deputy Sheriff Edmer, and | ) |
| Nursing Staff, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| Ricky A. Olson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-218 |
| | ) |
| Judge Tristan Van De Streek, Mac | ) REPORT AND RECOMMENDATION |
| S[c]h[n]eider, Daniel E. Bertsch, CIA, | ) |
| NSA, FBI, and Gang Stalkers, | ) |
| | ) |
| Defendants. | ) |

Ricky Olson, an inmate proceeding without counsel, filed complaints in the above captioned actions alleging claims under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must conduct an initial screening of any inmate's complaint that seeks redress from a governmental entity or its employees. If the court determines the action is frivolous, malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant immune from such relief, the court must dismiss the complaint before it is served on the defendant. For the reasons discussed below, this

court recommends both cases be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Background[1]

When reviewing a pro se complaint under § 1915A, the court accepts the well-pleaded facts as true. White v. Clark, 750 F.2d 721, 722 (8th Cir. 1984).

**1.    Allegations in Case No. 3:25-cv-201**

Olson filed this action on September 10, 2025. (Doc. 5). Olson's allegations here center on an alleged plot to have him assassinated. Defendants include Mac Schneider,[2] Senator Conrad,[3] Fargo Sheriff M.J.,[4] Deputy Sheriff Edmer, and unidentified nursing staff.

---

[1] "The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records." Jacob v. Cotton, No. 4:20CV3107, 2021 WL 130953, at *1 n.1 (D. Neb. Jan. 14, 2021) (citing United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981)). "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." Id.

[2] The Clerk is directed to amend the docket to correct the spelling of Schneider's name in both cases. Schneider served as the United States Attorney for the District of North Dakota from December 2022 to mid-February 2025. InForum, https://www.inforum.com/news/north-dakota/mac-schneider-resigns-as-north-dakota-us-attorney (last visited Nov. 6, 2025).

[3] Kent Conrad, a former North Dakota Senator, served in Congress from 1987 through 2013. Congress, https://www.congress.gov/member/kent-conrad/C000705 (last visited Nov. 6, 2025).

[4] The City of Fargo does not have a sheriff. The Sheriff of Cass County, North Dakota, where Fargo is located, is Jesse Jahner. Cass County North Dakota, https://www.casscountynd.gov/our-county/sheriff (last visited Nov. 6, 2025). Olson refers to M.J. both as a sheriff and as a deputy sheriff. It is unclear whom Olson intends to sue. The court notes, however, that Olson submitted several Health Service Request Forms, which inmates may submit at jails to make health-related requests. The initials M.J. appear on several of those forms as the health care staff who responded to Olson's requests. (See Doc. 9-3).

Olson alleges he was poked in a finger with poison upon his arrival at Cass County Jail (CCJ). (Doc. 9, p. 5). Olson states this was Deputy Edmer's seventh attempt to assassinate him. Olson claims he experienced painful swelling in his extremity a month later but no one examined him.[5] Id.

Olson next alleges Mac Schneider, the former United States Attorney for the District of North Dakota, and the Zeta Cartel attempted to assassinate him at an "old down[ ]town police station now called Deck."[6] Id. He claims that while his hair was being cut, someone poked him in the neck with a needle filled with fentanyl. Olson claims the perpetrator tried to make the attempted killing look as if Olson was a drug addict. Id. Olson denies being addicted to drugs.

Olson asserts he has information about an automobile crash where Senator Conrad's son hit a highway patrol officer, who was killed as a result. Id. at 6. Senator Conrad allegedly asked Schneider to step down from his position, and Olson claims Schneider is now trying to kill him. Id. Olson states he is "in [a] good spot for it" and requests help so he "won't be so scared anymore." Id. Olson requests he be allowed to emigrate to Norway. Id. at 7.

Olson submitted several pages of notes and a letter with his complaint. (Doc. 9-6; Doc. 9-7). In his notes, Olson claims on August 21, 2025, two unidentified correctional officers denied him lunch and put something in his food at dinner. (Doc. 9-6). The next day, August 22, 2025, Olson received lunch but apparently developed diarrhea

---

[5] Two of the Health Service Request Forms Olson submitted with his complaint requested treatment for his finger. (Doc. 9-3).

[6] "Deck" may refer to Fargo's Downtown Engagement Center, which was located in a building that had been a police station.

afterward. He claims "they are putting stuff in my food. Everyone knows [if] you eat this food you[']r[e] constipated. You don't run to [the] shitter before you[']r[e] done eating." Id. Olson seemingly claims Schneider and Senator Conrad are responsible for the August 22 incident. He also alleges he was denied breakfast on August 23, 2025. Id.

Olson next alleges a sheriff deputy recently brought in the "gangstalker" who previously tried to kill Olson by injecting fentanyl in his neck when Olson was getting a haircut. Id. He claims another of Schneider's gangstalkers was placed in super max with him and claims more gangstalkers are being brought to CCJ to kill him.[7] Id.

Olson filed a letter dated August 26, 2025, explaining that "gangstalking" refers to top government officials paying for someone's assassination.[8] (Doc. 9-7). Olson gives an example that he was allegedly beaten and taken to a hospital where part of his colon was removed purportedly because he had cancer. But Olson claims that was done to cover up his beating.[9] Id. at 1. Olson provides another example involving his 1994 criminal case in this district before then-Chief Judge Rodney Webb. Id.

Olson alleges Schneider has spent more than forty-million dollars trying to have him killed and claims the United States Marshals Service and Senator Conrad know about it. Id. at 2. Olson worries about the black stools he has had since being held in CCJ and asserts Sheriff Deputy M.J. poses as a nurse and tells him not to worry about the

---

[7] The court broadly construes the notes filed at Doc. 9-6 as part of Olson's complaint.

[8] The court does not construe the examples of "gangstalking" in the letter filed at Doc. 9-7 as part of Olson's complaint.

[9] Olson made the same allegations in a previous federal case that was dismissed on initial review. See Olson v. Cass Cnty. Sheriff, No. 3:23-cv-179, Doc. 43 (D.N.D. Jan. 30, 2024), report and recommendation adopted, No. 3:23-cv-179, Doc. 52 (D.N.D. Feb. 23, 2024).

poison and to take Tylenol.[10] Id. The letter ends with Olson stating "that[']s Gang Stalking." Id.

**2.      Allegations in Case No. 3:25-cv-218**

Olson filed this action on September 24, 2025. (Doc. 3). Like in Case No. 3:25-cv-201, Olson's claims center on the defendants' alleged plan to have him killed. (Doc. 8). Defendants include Cass County District Court Judge Tristan Van de Streek, Mac Schneider, the CIA, the FBI, and the NSA. Olson asserts "[t]hey took away 30 yrs. of my life[,] pa[id] to have me killed[,] U.S. Marshal[ ] invest[i]gated one attempt[,] other 6 attempts all have witnesses[.]" Id. at 5. Olson alleges defendants "used the hospital to cut off half my colon while [a] sheriff[']s deputy [was] handcuffed to me for a misdemeanor." Id. at 6. Olson states there is "[p]lenty for the court to investigate[.]" Id. For relief, Olson requests "to leave this country [and] go back to Norway." Id. at 7.

Along with the complaint, Olson submitted a letter addressed to the federal judges requesting them to take notice that "the judge I have now is also [a] gangstalker and misleading American people."[11] (Doc. 8-1, p. 1) Olson claims a judge recused himself from his 1994 case because of Lester Trnka and asserts only Judge Ralph Erickson of the Eighth Circuit Court of Appeals can hear his state case. Id. He asserts a judge misled the American people about a felon's rights to possess weapons under the Second Amendment and hid a gangstalking witness who testified against Olson. Id. Olson also complains about the lawyer he was provided for the 1994 criminal case and about the prosecutor. He alleges the FBI, CIA, and NSA have created mistrust of American law,

---

[10] In one of his Health Service Request Forms, Olson stated he knew M.J. was not a nurse. (Doc. 9-3, p. 2).

[11] Olson does not identify the judge to whom he refers.

"paying everyone to gangstalk while they observe" and accuses them of taking at least thirty years off his life. Id. at 2.

Olson accuses the prosecution of being deceitful and lying about Olson being a felon. Id. at 3. He claims Schneider knows Olson is not a felon and knows Olson is allowed to have weapons to defend himself from gangstalking. Id. Olson suggests contacting the Pentagon because they "know about it," and he requests his information be sent to the Pentagon to end the gangstalking. Id. at 3-4. Olson demands $1,500 per day for being imprisoned on false charges. Id. at 3.

Another supplement discusses events occurring in 1984 when Olson met a reporter with the San Jose Mercury News. (Doc. 5, p. 1). Though most content of that supplement does not concern allegations of this case, Olson claims Schneider paid members of the Zeta Cartel to put fentanyl in his neck, the United States Marshals Service investigated, and the FBI sends money to a local coffee shop. Id. Olson states he wants "some money to leave this demon country[.]" Id. at 2.

## Law and Discussion

To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim and must give the defendants fair notice of the claim and of the grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court to reasonably infer a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is

6

entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)). Conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Id.

In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007). Facts alleged in the complaint are accepted as true unless they are clearly irrational, wholly incredible, or frivolous. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (observing a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory).

A liberal construction of a pro se complaint does not require the court to supply missing facts. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Nor is the court required to ignore facts pleaded by a pro se plaintiff when those facts undermine their claims. Michael v. Clarkson, No. 1:18-cv-118, 2018 WL 6028698, at *2 (D.N.D. Nov. 16, 2018); Corman v. Sullivan, No. 3:14-cv-32, 2015 WL 3676634, at *3 (D.N.D. June 12, 2015) (citing Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007)) ("[A] plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. This court has carefully reviewed Olson's pleadings in both cases. Under the Twombly/Iqbal pleading standard, an action fails to state a claim if it does not allege facts that "raise a right to relief above the speculative level" or "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Olson's allegations are speculative, conclusory, and fanciful. In neither

7

case does Olson allege facts that state a plausible constitutional violation or a violation of federal law for purposes of § 1983.

Olson alleges no plausible facts to support his belief that defendants are attempting to have him killed or depriving him of other constitutional rights. See Patton v. Payne, No. 4:25-cv-00115, 2025 WL 891528, at *1 (E.D. Ark. Mar. 24, 2025) (recommending a prisoner's claim that he was exposed to human waste in his drinking water causing him severe diarrhea be dismissed as speculative and not based on any plausible facts), report and recommendation adopted, 2025 WL 2495606 (E.D. Ark. Aug. 29, 2025); Duncan v. Wells, No. 4:23-cv-01713, 2023 WL 8934927, at *1 (E.D. Mo. Dec. 27, 2023) (dismissing claims of gangstalking, exploitation, human experimentation, torture by cyber means, and genocide as clearly baseless and lacking an arguable basis in law or fact); Willimas v. ATT Phone Co-Owners, No. 4:22-cv-154, 2022 WL 2315488, at *1 (E.D. Mo. June 28, 2022) (dismissing a complaint that was indecipherable and unclear as to the causes of action being alleged and the relief sought).

Having liberally construed Olson's complaints, this court concludes both are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). See Denton, 504 U.S. at 32-33 (stating an action is subject to dismissal if the facts alleged are "clearly baseless").

## Recommendation

Because Olson fails to state a plausible claim against any defendant in either action, the court **RECOMMENDS** his complaint in Case No. 3:25-cv-201, (Doc. 9), and his complaint in Case No. 3:25-cv-218, (Doc. 8), be dismissed without prejudice. Because any appeal from either action would be frivolous and could not be taken in good

faith, this court further **RECOMMENDS** the district judge find any appeal may not be taken in forma pauperis.

Dated this 7th day of November, 2025.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT[12]

Plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **November 24, 2025**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[12] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.